Susan Koehler Sullivan  (State Bar No. 156418)
*susan.sullivan@clydeco.us*
Brett C. Safford  (State Bar No. 292048)
*brett.safford@clydeco.us*
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA  90071
Telephone:    (213) 358-7600
Facsimile:     (213) 358-7650

Attorneys for Defendant
ILLINOIS UNION INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISION SERVICE PLAN, a California Not-For-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>[Removed from Sacramento County Superior Court Case No. 34-2022-00316963]<br><br>**DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. § 1441(B) (Diversity)]**<br><br>Final Status Conference:    Not Set<br>Trial Date:                           Not Set<br>Action Filed:                      03/17/2022 |

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD IN THIS ACTION AND THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Illinois Union Insurance Company ("Illinois Union") hereby removes this state court action filed under Case No. 34-2022-00316963 in the Superior Court of California, Sacramento County, California, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 *et seq*.

/ / /

/ / /

**SUMMARY OF THE BASIS FOR REMOVAL**

1. Illinois Union may remove this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).

**PROCEDURAL HISTORY AND STATE COURT FILINGS**

2. On March 17, 2022, Plaintiff Vision Service Plan ("Plaintiff") filed a Complaint in the Superior Court for the State of California, County of Sacramento, Case No. 34-2022-00316963, entitled *Vision Service Plan v. Illinois Union Insurance Co.*, naming Illinois Union and DOES 1 through 50 as defendants. However, Plaintiff did not serve the Complaint at that time. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

3. On April 5, 2022, counsel for Illinois Union accepted service of the following via Notice of Acknowledge of Receipt:

- A copy of the Complaint.
- A Summons issued on March 18, 2022. A true and correct copy of the Summons is Attached hereto as **Exhibit 2**.
- Civil Case Cover Sheet; Order re: Delay in Scheduling Initial Case Management Conference; Alternative Dispute Resolution Information Package; Stipulation and Order to Mediation – Unlimited Civil; and Program Case Notice. True and correct copies of these documents are attached hereto as **Exhibit 3.**

4. Also, the Notice of Acknowledgment of Receipt—Civil executed by Illinois Union's counsel is attached hereto as **Exhibit 4**.

5. The Complaint alleges four causes of action against Illinois Union: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing (Bad Faith); (3) Declaratory Relief; and (4) Specific Performance. Plaintiff's Complaint concerns a first party insurance claim arising out of the COVID-19 pandemic under the insurance contract issued by Illinois Union to Plaintiff. Plaintiff alleges it sustained losses in the form of business interruption and remediation costs arising from the COVID-19 pandemic and submitted an insurance claim to Illinois Union for

coverage under its policy. Plaintiff contends that Illinois wrongfully denied coverage for its claim, which constitutes bad faith by Illinois Union. *See* **Ex. 1**, Complaint.

6. Illinois Union has not yet filed a response to Plaintiff's Complaint.

## DIVERSITY JURISDICTION

7. Federal courts have jurisdiction over controversies between "citizens of different states" pursuant to 28 U.S.C. section 1332(a)(1) and Article III, Section 2, of the United States Constitution. *Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458, 460-61 (1980).

8. Plaintiff Vision Service Plan is a citizen of the State of California, as it is a California not-for-profit corporation with its principal place of business in Rancho Cordova in Sacramento County, California. **Ex. 1**, Complaint ¶ 4.

9. Defendant Illinois Union Insurance Company is a citizen of the State of Illinois and the Commonwealth of Pennsylvania, as it is a corporation formed under the laws of Illinois with its principal place of business in Pennsylvania. **Ex. 1**, Complaint ¶ 5; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

10. Accordingly, complete diversity exists.[1]

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

11. While Illinois Union disagrees that there is liability in the first instance or that Plaintiff sustained damaged in any amount, the amount in controversy exceeds $75,000. As set forth in the Complaint, Plaintiff seeks "the full amount of the covered benefits due under the Policy, plus interest at the maximum legally permissible rate from the date incurred, ***in an amount not less than the $5 million Aggregate Policy Limit***." **Ex.** 1, Complaint – Prayer for Relief ¶ 1 (emphasis added).

12. Plaintiff also seeks exemplary damages, attorneys' fees, and interest. **Ex. 1**, Complaint – Prayer for Relief ¶¶ 2-9.

---

[1] Although the Complaint names "Does 1 through 50" as defendants, "the citizenship of defendants sued under fictitious names shall be disregarded" when evaluating a removal based upon diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

13. Based upon the above-referenced allegations by Plaintiff, the aggregate value of Plaintiff's claims and damages sought in this action is in excess of $75,000. Accordingly, the amount in controversy exceeds $75,000.

## CONCLUSION

14. Removal is proper in this case because Illinois Union has established that (1) Illinois Union is completely diverse from Plaintiff; and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332, 1441(b).

## ADDITIONAL PROCEDURAL MATTERS

15. Illinois Union has filed this Notice of Removal within 30 days of both Plaintiff's counsel serving the Summons and Complaint on April 4, 2022, and Illinois Union's counsel accepting service of the Summons and Complaint on April 5, 2022. *See* **Ex. 4,** Notice of Acknowledgment of Receipt—Civil; 28 U.S.C. § 1441(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ."); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (proper service of summons and complaint required to trigger 30-day removal period).

16. A notice of the filing of this Notice of Removal will be filed with the State Court from which this action was removed.

17. There are no pending cases related to the State Court action.

18. Upon filing this Notice of Removal, Illinois Union will provide written notification to Plaintiff and will file a Notification of Filing of Notice of Removal attaching a copy of this Notice of Removal with the Clerk of the Court for the Superior Court of California, Sacramento County.

19. Copies of all process, pleadings, and orders from the State Action are being filed with this Notice. *See* **Exs. 1-4**.

20. By removing this action from the Superior Court of California, Sacramento County, Illinois Union does not waive any rights, defenses, or procedural remedies available to it.

/ / /

1  For these reasons, this action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

DATED: May 2, 2022          CLYDE & CO US LLP


By: /s/ *Susan Koehler Sullivan*
    Susan Koehler Sullivan
    Brett C. Safford
    Attorneys for Defendant
    ILLINOIS UNION INSURANCE COMPANY

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA  90071
Telephone: (213) 358-7600

6648127.1
-5-
DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S NOTICE OF REMOVAL
[28 U.S.C. § 1441(B) (Diversity)]